IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOSES DAVENPORT, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF BRUNDIDGE, *et al.*, )<br>)<br>Defendants. ) | CIVIL ACT. NO. 2:22-cv-688-ECM<br>(WO) |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

On December 6, 2022, Defendants City of Brundidge ("Brundidge"), Isabelle Boyd, Willie Wright, Byron Gaynor, Marilyn Rodgers, Latisher Hall, and Gerald Holland (collectively, "Defendants") removed this action to this Court from the Circuit Court for Pike County, Alabama, based on federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. (Doc. 1).  Now pending before the Court is Plaintiff Moses Davenport's ("Plaintiff") motion to remand this case back to Pike County Circuit Court. (Doc. 7).  The motion has been fully briefed and is ripe for review.  For the reasons that follow, the Plaintiff's motion to remand is due to be DENIED.

**II.  STANDARD OF REVIEW**

Though a plaintiff is the master of his claim, his power is not plenary.  Instead, a defendant may remove from state court to federal court any "action[] that originally could

have been filed" in that federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441). Federal courts, however, are courts of limited jurisdiction—they possess only the power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Courts should presume that a case lies outside this limited jurisdiction—the burden of establishing the contrary lies with the party asserting federal jurisdiction. *Id.* When a plaintiff properly moves to remand a removed case, any questions or doubts as to jurisdiction are to be resolved in favor of returning the matter to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Finally, a court must evaluate its jurisdiction as of the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011).

### III.  FACTS AND PROCEDURAL HISTORY

The Plaintiff served as a police officer for Brundidge from June 1977 until he was promoted to chief of police in March of 1995. The Plaintiff alleges that the Defendants decided not to reappoint him as chief of police at a city council meeting on November 2, 2020, a decision he claims violated his constitutional rights. On November 2, 2022, the Plaintiff sued the Defendants in the Circuit Court of Pike County, Alabama. (Doc. 1-1). The Plaintiff asserts four claims against the Defendants: breach of contract (Count I); conspiracy (Count II); 42 U.S.C. § 1983 (Count III); and invasion of privacy (Count IV).[1]

On December 6, 2022, the Defendants timely filed a Notice of Removal, arguing that this Court has jurisdiction over all claims asserted in the Plaintiff's complaint based

---

[1] The Plaintiff mislabeled the fourth cause of action as "Count Five" in his complaint. For clarity, the Court will refer to his claim for invasion of privacy as "Count IV."

on federal question jurisdiction and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. (Doc. 1). Specifically, the Defendants assert that this Court has federal question jurisdiction over the Plaintiff's claim titled "42 U.S.C.A § 1983" and supplemental jurisdiction over the remaining state law claims. The Plaintiff then moved to remand this case back to state court on January 5, 2023.

## IV. DISCUSSION

The Plaintiff argues that this case should be remanded because the causes of action contained in the complaint are all grounded firmly in state law. Additionally, the Plaintiff asserts that the state law claims do not raise substantial federal issues. Finally, the Plaintiff argues that this Court should choose not to exercise federal jurisdiction because of federalism concerns.

**A.     Federal Question Jurisdiction**

The Defendants oppose the Plaintiff's motion to remand, arguing that this Court has jurisdiction over all claims asserted in the complaint based on federal question jurisdiction and supplemental jurisdiction. Specifically, the Defendants assert that this Court has federal question jurisdiction over "Count Three" of the Plaintiff's complaint, which was specifically pled as a separate cause of action under "42 U.S.C. § 1983."

For this Court to have federal question jurisdiction, the action but must be one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8 (1983); *see McNiece v. Town of Yankeetown*, 817 F. App'x 842, 845 (11th Cir. 2020) ("Federal courts have jurisdiction to entertain actions that concern a federal question, 28

3

U.S.C. § 1331, like [plaintiff's] complaint, which sought relief under the Constitution, 42 U.S.C. § 1983 . . . ."). To determine whether a claim arises under federal law, courts ask "whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009)). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Id.* (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

A federal question clearly appears on the face of the Plaintiff's complaint. In Count III of his complaint, the Plaintiff specifically asserts a separate cause of action titled "42 U.S.C. § 1983," wherein he alleges a violation of his rights under the Fourth Amendment to the U.S. Constitution. (Doc. 1-1 at 7). Through 42 U.S.C. § 1983, Congress has provided a private federal cause of action for alleged violations of rights secured by the Constitution. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002). Here, the Plaintiff chose to bring a Fourth Amendment claim specifically premised on this statute. Furthermore, in Count III, the Plaintiff specifically alleges violation of Fourth Amendment rights secured by the "Constitution of the United States" and seeks "judgment for all damages allowed under 42 U.S.C. § 1983." (Doc. 1-1 at 7–8). This claim, therefore, clearly "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, this Court has jurisdiction over Count III since it concerns a federal question.

Nevertheless, the Plaintiff argues that this case should be remanded because removal based on federal jurisdiction requires a "significant federal issue," which he asserts is not present in this case. The Plaintiff relies on several cases to support this proposition,

4

including *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), and *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804 (1986).  However, those cases are readily distinguishable from this case because none of the cases cited by Plaintiff involved a constitutional claim specifically predicated on 42 U.S.C. § 1983.

In fact, these cases provide critical insight into how the Court has federal question jurisdiction in this case.  Importantly, in *Grable*, the Supreme Court laid out the types of federal jurisdiction commonly referred to as "arising under" jurisdiction. 545 U.S. at 312.  The first type of "arising under" jurisdiction the Court discussed was civil actions arising under the Constitution, laws, or treaties of the United States: "[t]his provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., [constitutional] claims under 42 U.S.C. § 1983)." *Id.*  Regarding the second type of "arising under" jurisdiction, the Court provided that "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.*  Further, the Court held that *Merrell Dow*, the other case relied upon by the Plaintiff in this case, was "not to the contrary." *Id.* at 316.

Therefore, it appears that the Plaintiff has misapplied *Grable*, believing that this action belongs within the second type of "arising under" jurisdiction.  However, as the Supreme Court explicitly laid out, constitutional claims under 42 U.S.C. § 1983 belong in the first type of "arising under" jurisdiction. *Id.* at 312.  In fact, § 1983 cases are the quintessential example of this type, in that the statute was specifically intended to create a cause of action for claims "arising under the Constitution, laws, or treaties of the United

States." *See id.* (citing 42 U.S.C. § 1983). Accordingly, this Court does not need to determine whether a "significant federal issue" exists in this case.

Additionally, the Plaintiff argues that there is no federal question in this case because "the state law claims are derived from garden variety state breach of contract, violation of state statutes of authority of state officials and state tort laws." (Doc. 7 at 2). As such, the Plaintiff asserts that this Court should not exercise federal jurisdiction because the state law claims dominate the federal claims. However, the Supreme Court has rejected this argument. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 168 (1997) (holding it a "mistake[]" to "view that the district courts lack jurisdiction even over the *federal* claims" because "the other, nonfederal claims somehow take the complaints in their entirety (including the federal claims) out of the federal courts' jurisdiction" (emphasis in original)). Thus, the Plaintiff is "mistaken" to argue that the state law claims in his complaint preclude this Court's jurisdiction over the case. *See id.* The Court therefore finds that it has federal question jurisdiction over the Plaintiff's § 1983 claim (Count III).

**B.   Supplemental Jurisdiction**

The remaining question, then, is whether this Court has supplemental jurisdiction over the remaining state law claims. As explained above, in Counts I, II, and IV, the Plaintiff, an Alabama citizen, asserts state law tort claims against the Defendants, also all Alabama citizens. Neither federal question nor diversity jurisdiction exists over these claims. *See* 28 U.S.C. §§ 1331–32. However, federal jurisdiction exists if the claims meet the criteria for supplemental jurisdiction set forth in 28 U.S.C. § 1367.

A federal court with subject matter jurisdiction over a claim also has "supplemental jurisdiction" over state law claims that are "so related to claims . . . within such original jurisdiction that they form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a).  In other words, the state and federal claims "must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). When determining whether the state and federal claims derive from a common nucleus of operative fact, courts look to "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996). "[I]f, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." *Gibbs*, 383 U.S. at 725.

In this case, all four of the Plaintiff's claims derive from a "common nucleus of operative fact." *Id.*  Both the state law claims and the federal claim flow from the same alleged conduct of the Defendants—the termination of the Plaintiff as chief of police on November 2, 2020.  Therefore, the facts, evidence, and witnesses underlying the Plaintiff's state law claims are identical to those underlying the Plaintiff's § 1983 claim. *See Hudson*, 90 F.3d at 455.  Thus, the state law claims brought by the Plaintiff against the Defendants are "so related" to the § 1983 claim that "they form part of the same case or controversy." *See* 28 U.S.C. § 1367(a).  Moreover, the Plaintiff would ordinarily be expected to try all of these claims in one judicial proceeding. *See Gibbs*, 383 U.S. at 725.  Therefore, this Court has supplemental jurisdiction over the remaining state law claims asserted by the Plaintiff.

Accordingly, removal is proper due to federal question jurisdiction and supplemental jurisdiction, and the Plaintiff's motion to remand these claims to state court is due to be DENIED.

## V. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that the Plaintiff's motion to remand (doc. 7) is DENIED.

Done this 30th day of March, 2023.

                                                 /s/ Emily C. Marks
                                                EMILY C. MARKS
                                                CHIEF UNITED STATES DISTRICT JUDGE