IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MOSES DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIVIL ACT. NO. 2:22-cv-688-ECM |
| | ) | (WO) |
| CITY OF BRUNDIDGE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

**I.  INTRODUCTION**

Plaintiff Moses Davenport ("Davenport") served as chief of police until he was fired by the Defendants City of Brundidge ("Brundidge"), Isabelle Boyd, Willie Wright, Byron Gaynor, Marilyn Rodgers, Latisher Hall, and Gerald Holland (collectively, the "Defendants").  Davenport sued the Defendants for breach of contract/duty of good faith and fair dealing (Count I), conspiracy (Count II), violations of his Fourth Amendment rights (Count III), and invasion of privacy (Count IV).[1]  The Defendants moved to dismiss Davenport's complaint (doc. 1-1) for failure to state a claim upon which relief may be granted (doc. 5).  For the reasons that follow, the Defendants' motion to dismiss is due to be GRANTED.

---

[1]  Davenport mislabeled the fourth cause of action as "Count Five" in his complaint.  For clarity, the Court will refer to his claim for invasion of privacy as "Count IV."

## II. JURISDICTION AND VENUE

The Court has original subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction of the Davenport's state-law claims pursuant to 28 U.S.C. § 1367(a). Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## III. LEGAL STANDARD[2]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At this stage of the proceedings, "the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Bailey v. Wheeler*, 843 F.3d 473, 478 n.3 (11th Cir. 2016). While the Court must take factual assertions as true, it does not have to take as true legal conclusions that lack further factual support. *Iqbal*, 556 U.S. at 678. Nor is it required to take as true "legal conclusion[s] couched as . . . factual allegation." *Id.* (quotations and citation omitted).

---

[2] Davenport incorrectly cites to the "no set of facts" standard for a Rule 12(b)(6) motion to dismiss from *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley*, however, was abrogated by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The "no set of facts" standard cited by Davenport, therefore, is no longer good law, and the Court applies the correct standard set forth by the Supreme Court in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination of "whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U.S. at 555, 570. This pleading standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quotations omitted). Indeed, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted).

## IV. FACTS AND BACKGROUND[3]

Davenport served as a police officer for Brundidge from June of 1977 until he was promoted to chief of police in March of 1995. At a city council meeting on November 2, 2020, the Defendants decided not to reappoint Davenport as chief of police. Davenport claims this decision constituted a breach of contract, a conspiracy, a violation of his Fourth Amendment rights, and an invasion of privacy. He sued the Defendants on November 2, 2022.

On December 6, 2022, the Defendants removed this case from the Circuit Court of Pike County, Alabama, to this Court under federal-question jurisdiction for the Fourth

---

[3] This recitation of the facts is based on Davenport's complaint. The Court recites only the facts pertinent to resolving the Defendants' motion to dismiss. For purposes of ruling on the motion, the facts alleged in the complaint and reasonable inferences drawn therefrom are set forth in the light most favorable to Davenport.

Amendment claim and supplemental jurisdiction for the remaining state-law claims. The Defendants now move this Court to dismiss Davenport's complaint because, as they claim, Davenport fails to state a claim upon which relief may granted.

## V.  DISCUSSION

**A.    Constitutional Claim**

Davenport alleges the Defendants unconstitutionally "seized" his job as police chief. Davenport asserts a cause of action titled "42 U.S.C. § 1983," wherein he alleges a violation of his rights under the Fourth Amendment because, as he claims, the Defendants unreasonably seized his "property right and privil[e]ge of being police chief of the City of Brundidge and to be employed as a police officer." (Doc. 1-1 at 10). Consequently, Davenport alleges he "suffered damages and the loss and enjoyment of his right to be police chief, right to income and property in violation of the Fourth Amendment." *Id.*

Davenport asserts for the first time in his response to the Defendants' motion to dismiss that the Defendants additionally violated his *Fourteenth* Amendment due-process rights. (Doc. 10 at 15). Nowhere in his complaint, however, does Davenport allege a Fourteenth Amendment due-process violation. On the contrary, Davenport clarifies that his claim pursuant to § 1983 is based on the Defendants' unconstitutional seizure of his job under the *Fourth* Amendment. Because a responsive brief is not the appropriate avenue to amend a pleading, the Court disregards references to the Fourteenth Amendment in deciding whether Davenport has brought a plausible claim.

The Fourth Amendment provides, in pertinent part, that the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and

4

seizures, shall not be violated." U.S. CONST. amend. IV. "A 'search' occurs when an expectation of privacy that society is prepared to consider reasonable is infringed. A 'seizure' occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (footnotes omitted). Therefore, to survive the motion to dismiss his Fourth Amendment claim, Davenport must allege facts that could demonstrate he "has been deprived of [his] right" to be secure from unreasonable seizure. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Davenport asserts that the Defendants unreasonably seized his job when they terminated his employment as chief of police without process. However, there is no procedural due process right under the Fourth Amendment. *Foster v. Cherokee County*, 744 F. App'x 644, 646 n.3 (11th Cir. 2018) (noting, in response to "[t]he portion of [plaintiff's] brief discussing his procedural due process claim" regarding his employment termination, that "the Fourth Amendment does not guarantee the right to due process").[4] Davenport's complaint clearly only brings a Fourth Amendment claim for seizure of "his right to be police chief [and] right to income and property," *not* a Fourteenth Amendment due-process claim. (*See* Doc. 1-1 at 10). He cites to no authority, and the Court cannot find any, for his argument that an individual has a Fourth Amendment property interest in continued employment. *See Wilson v. Ill. Dep't of Fin. and Pro. Regul.*, 2021 WL 1784818, at *2 (N.D. Ill. May 5, 2021) ("Plaintiff is left without any support for the argument that

---

[4] While the Court recognizes that *Foster* is an unpublished opinion, the Court finds its analysis to be persuasive.

5

the ability to pursue his profession is something he can own or possess for Fourth Amendment purposes."); *Skrocki v. Caltabiano*, 511 F. Supp. 651, 652 (E.D. Pa. 1981) ("Not surprisingly, plaintiff has cited no authority for the proposition that a person's alleged property interest in his employment can be 'seized' within the meaning of the Fourth Amendment to deprive him of a constitutional right within the meaning of Section 1983."). The Court concludes, therefore, that there is no Fourth Amendment property right to continued employment. Accordingly, Davenport has failed to plausibly allege the Defendants "deprived [him] of a right secured by the" Fourth Amendment, and their motion to dismiss Davenport's Count III under the Fourth Amendment is due to be granted. *Baker*, 443 U.S. at 140 (quotations omitted).

**B.     Remaining State-Law Claims**

Having disposed of Davenport's federal claim, the Court declines to exercise supplemental jurisdiction over Davenport's remaining state-law claims. Where all federal claims are dismissed prior to trial, district courts are encouraged to dismiss any remaining state-law claims. *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1088–89 (11th Cir. 2004). Before doing so, the Court must consider the factors of judicial economy, convenience, fairness, and comity. *See Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 537 (11th Cir. 2015). "Both comity and economy are served when issues of state law are resolved by state courts." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Federal courts are (and should be) loath to wade into uncharted waters of state law, and should only do so when absolutely necessary to the disposition of a case." *Ameritox*, 803 F.3d at 540. In this case, there are state-law issues raised, which are best resolved by the

state courts. Further, there is nothing before the Court to suggest that the remaining factors—convenience and fairness—weigh in favor of retaining subject-matter jurisdiction over claims arising under state law. Moreover, the Court can discern no significant prejudice to any party, particularly considering 28 U.S.C. § 1367(d)'s provision tolling the statute of limitations on any of the state-law claims. Accordingly, the Court declines to exercise supplemental jurisdiction over the state-law claims pursuant to § 1367(c)(3).

## VI. CONCLUSION

Accordingly, for good cause, it is

ORDERED that the Defendants' Motion to Dismiss (Doc. 5) is GRANTED as to Count III in favor of the Defendants. This claim is DISMISSED with prejudice. It is further

ORDERED that the Court DECLINES to exercise supplemental jurisdiction over the remaining state-law claims in this case (Counts I, II, IV) pursuant to 28 U.S.C. § 1367(c), and these claims are DISMISSED without prejudice.

A separate Final Judgment will be entered in accordance with this Memorandum Opinion and Order.

DONE this 18th day of April, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE